IN THE UNITED STATES DISCTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GARY ROMER,

        Plaintiff,

v.                                                                              Case 1:22-cv-00524-GBW-GJF

BOARD OF REGENTS OF NEW
MEIXCO STATE UNVIERSITY, DAN
ARVIZU, LAURA CASTILLE, DONALD
CONNER, ANNAMARIE DELOVATO,
ROLANDO FLORES, AND MATTHEW
GOMPPER, individually and in their official
Capacities,

        Defendants.

## **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

DEFENDANTS Board of Regents of New Mexico State University, Dan Arvizu, Laura Castille,

Donald Conner, Annamarie DeLovato, Rolando Flores, and Matthew Gompper, by and through

undersigned counsel, JARMIE & ROGERS, P.C., (Cody R. Rogers and Roberto A. Cabello)

hereby submit their Answer to plaintiff's "Complaint and Jury Demand" ("Complaint), as follows:

    1.  In response to paragraph 1, Defendants admit that plaintiff's employment as a

tenured full professor at New Mexico State University ("NMSU") was terminated for

misconduct including sexual harassment and retaliation against graduate students, and that

the termination was effective on November 12, 2021.  The remaining allegations

contained in paragraph 1 are denied.

    2.  In response to paragraph 2, Defendants deny the allegations as stated.

    3.  In response to paragraph 3, Defendants deny the allegations as stated.

    4.  In response to paragraph 4, Defendants deny the allegations as stated.

5.  In response to paragraph 5, Defendants deny the allegations as stated.

## JURISDCITION AND VENUE

6.  In response to paragraph 6, Defendants admit that plaintiff has brought claims purportedly based on the cited statutory provisions.  Defendants deny any remaining allegations contained in paragraph 6.

7.  In response to paragraph 7, Defendants admit that this Court has original jurisdiction regarding the matters contained in plaintiff's Complaint. Defendants deny any remaining allegations contained in paragraph 7.

8.  In response to paragraph 8, Defendants admit that plaintiff has brought claims purportedly based on the cited statutory provisions.  Defendants deny any remaining allegations contained in paragraph 8.

9.  In response to paragraph 9, Defendants admit that this Court has supplemental jurisdiction over plaintiff's state law claims.  Defendants deny any remaining allegations contained in paragraph 9.

10. In response to paragraph 10, Defendants admit that venue is proper in this Court. Defendants deny any remaining allegations contained in paragraph 10.

## PARTIES

11. In response to paragraph 11, Defendants admit that plaintiff was a tenured full professor in the Department of Fish, Wildlife and Conservation Ecology within the College Agriculture, Consumer and Environmental Sciences ("ACES") at NMSU.  Defendant denies the remaining allegations contained in paragraph 11.

12. In response to Paragraph 12, Defendants admit that the Board of Regents is a 5-member governing body of NMSU, a governmental entity, and is responsible for the

administration of NMSU, including but not limited to NMSU's compliance with laws, rules, regulations and requirements. The remainder of Paragraph 12 contains only legal conclusions that do not appear to require a response from Defendants.

13. In response to paragraph 13, Defendants admit that Dan Arvizu is the Chancellor of NMSU, that Defendant Arvizu ruled against plaintiff in the final step of the administrative appeal of his termination, and that he acted under color of law at all times material to plaintiff's Complaint. Defendants deny the remaining allegations contained in paragraph 13.

14. In response to paragraph 14, Defendants admit that Laura Castille is the Executive Director of the Office and Institutional Equity ("OIE") at NMSU, and that she acted under color of law at all times material to plaintiff's Complaint. Defendants deny the remaining allegations contained in paragraph 14.

15. In response to paragraph 15, Defendants admit that Donald Conner is the Associate Dean & Director of Academic Programs in the College of ACES at NMSU, and that he acted under color of law at all times material to plaintiff's Complaint. Defendants deny the remaining allegations contained in paragraph 15.

16. In response to paragraph 16, Defendants admit that Annamarie DeLovato is the Deputy Director of OIE at NMSU, and that she acted under color of law at all times material to plaintiff's Complaint. Defendants deny the remaining allegations contained in paragraph 16.

17. In response to paragraph 17, Defendants admit that Rolando Flores is the Dean of the College of ACES at NMSU, and that he acted under color of law at all times material

to plaintiff's Complaint. Defendants deny the remaining allegations contained in paragraph 17.

18. In response to paragraph 18, Defendants admit that Matthew Gompper is the head of the Department of Fish, Wildlife and Conservation Ecology at NMSU, and that he acted under color of law at all times material. Defendants deny the remaining allegations contained in paragraph 18.

## FACTUAL ALLEGATIONS

19. In response to paragraph 19, Defendants admit that in January 2019, plaintiff filed an internal discrimination complaint with NMSU's OIE, alleging that he was being paid less than Hispanic professors in a different department. Defendants deny any remaining allegations contained in paragraph 19.

20. In response to paragraph 20, Defendants admit that Laura Castille sent a letter to plaintiff directing him to the appropriate NMSU procedures for requesting an equity pay adjustment, which plaintiff had not done, and that Ms. Castille informed plaintiff OIE would not investigate plaintiff's complaint until he completed this procedural step. Defendants deny the remaining allegations contained in paragraph 20.

21. In response to paragraph 21, Defendants admit that the New Mexico Human Rights Bureau initially issued a determination of probable cause and set the matter for a hearing, a procedural step required by the time limits contained within the New Mexico Administrative Code. Defendants state affirmatively that after a full hearing on plaintiff's complaint, the Human Rights Bureau found against plaintiff and dismissed his complaint in its entirety. Defendants deny any remaining allegations contained in paragraph 21.

22.  In response to paragraph 22, Defendants admit that Laura Castille testified in the Human Rights Bureau proceeding, and that the quoted testimony is close to what she stated in that proceeding.  Defendants deny that the testimony by Laura Castille was "erroneous", and deny any remaining allegations contained in paragraph 22.

23.  In response to paragraph 23, Defendants admit that plaintiff treated Laura Castille and others with condescension.  Defendants deny the remaining allegations contained in paragraph 23.

24.  In response to paragraph 24, Defendants deny the allegations as stated.

25.  In response to paragraph 25, Defendants admit that a complaint was made to Dean Flores against plaintiff in February 2019 regarding statements he made to female faculty members suggesting that they were making decisions about hiring a new Department Head because they were "charmed" by one of the male candidates, as opposed to being capable of evaluating that candidate on the merits.  Defendants deny any remaining allegations contained in paragraph 25.

26.  In response to paragraph 26, Defendants admit that in accordance with NMSU policy, Dean Flores reported the complaint made to him by a faculty member to OIE and Ms. Castille.  Defendants deny any remaining allegations contained in paragraph 27.  In response to paragraph 27, Defendants deny the allegations as stated.

28.  In response to paragraph 28, Defendants admit that the quoted language appeared in an email from Laura Castille to plaintiff, but deny that it occurred in the context described by plaintiff.  Defendants deny any remaining allegations contained in paragraph 28.

29.   In response to paragraph 28, Defendants deny the allegations contained in paragraph 29.

30.   In response to paragraph 30, Defendants deny the allegations regarding the investigation and findings regarding the complaint against plaintiff.  Defendants admit that Laura Castille indicated that due to the large number of complaints from a small department about plaintiff's behavior and demeanor, a referral to Employee and Labor Relations, department or College action might be appropriate to resolve those issues.  Defendants deny any remaining allegations contained in paragraph 30.

31.   In response to paragraph 31, Defendants admit that Defendant Conner issued plaintiff a written reprimand in May 2020 that addressed the matter, but affirmatively state that it was one issue in a written reprimand directed towards numerous issues regarding plaintiff's behavior.  Defendants deny any remaining allegations contained paragraph 31.

32.  In response to paragraph 32, Defendants admit the allegations as stated.

33.  In response to paragraph 33, Defendants deny the allegations as stated.

34.  In response to paragraph 34, Defendants lack information sufficient to admit or deny the allegations as stated, and therefore deny the allegations as stated.

35.  In response to paragraph 35, Defendants admit the allegations as stated.

36.  In response to paragraph 36, Defendants lack information sufficient to admit or deny the allegations as stated, and therefore deny the allegations as stated.

37.   In response to paragraph 37, Defendants lack information sufficient to admit or deny the allegations regarding the reactions of graduate students to plaintiff's emails, and therefore deny those allegations.  Defendants deny any remaining allegations contained in paragraph 37.

38.  In response to paragraph 38, Defendants deny the allegations as stated.

39.  In response to paragraph 39, Defendants admit that plaintiff's only graduate student met with Defendant Gompper to make a formal complaint about plaintiff's actions towards her, including sexual harassment, verbal abuse, bullying, and threatening her academic and professional career, and that Defendant Gompper, in accordance with NMSU policy, referred the matter to OIE.

40.  In response to paragraph 40, Defendants admit the allegations as stated.

41.  In response to paragraph 41, Defendants admit that JB filed a sexual harassment complaint against plaintiff.  Defendants deny the remaining allegations contained in paragraph 41.

42.  In response to paragraph 42, Defendants deny the allegations as stated.

43.  In response to paragraph 43, Defendants admit that plaintiff's harassing conduct as described in paragraph 43 formed part of the basis of JB's complaint.  Defendants deny any remaining allegations contained in paragraph 43.

44.  In response to paragraph 44, Defendants deny the allegations as stated, and specifically deny that the instance described in paragraph 44 was the only time plaintiff commented in appropriately on JB's attire or clothing.

45.  In response to paragraph 45, Defendants admit that plaintiff retaliated against JB by removing her from a permit necessary for her to continue her graduate research, after being advised by NMSU not to retaliate against JB In any way.  Defendants deny any remaining allegations contained in paragraph 45.

46.  In response to paragraph 46, Defendants admit that plaintiff was directed to stop retaliating against JB, strongly warned that further retaliation could constitute a further

actionable violation of NMSU administrative rules and procedures, and placed on administrative leave to prevent further instances of retaliation. Defendants deny any remaining allegations contained in paragraph 46.

47. In response to paragraph 47, Defendants admit that NMSU policy regarding administrative leave contains these conditions. Defendants deny any remaining allegations contained in paragraph 47.

48. In response to paragraph 48, Defendants admit that Laura Castille wrote the quoted statement in an email to Defendant Gompper, but deny that it occurred in the context described by plaintiff in paragraph 48. Defendants deny any remaining allegations contained in paragraph 48.

49. In response to paragraph 49, Defendants admit that another graduate student filed a sexual harassment complaint against plaintiff in December 2020. Defendants deny any remaining allegations contained in paragraph 49.

50. In response to paragraph 50, Defendants admit that part of the graduate student's complaint against plaintiff referenced an email sent by plaintiff that contained a graphic description of sexual assault, and that it alleged that plaintiff purposefully targeted female graduate students for harassment and discrimination based on their gender.

51. In response to paragraph 51, Defendants deny the allegations as stated.

52. In response to paragraph 52, Defendants deny that allegations as stated.

53. In response to paragraph 53, Defendants admit that that complaint contained a number of discriminatory and inappropriate remarks made by plaintiff over to the years. Defendants deny any remaining allegations contained in paragraph 53.

54. In response to paragraph 54, Defendants deny the allegations as stated.

55.  In response to paragraph 55, Defendants deny the allegations as stated.

56.  In response to paragraph 56, Defendants deny the allegations as stated.

57.  In response to paragraph 57, Defendants deny the allegations as stated.

58.  In response to paragraph 58, Defendants deny the allegations as stated.

59.  In response to paragraph 59, Defendants deny the allegations as stated.

60.  In response to paragraph 60, Defendants deny the allegations as stated.

61.  In response to paragraph 61, Defendants deny the allegations as stated.

62.  In response to paragraph 62, Defendants deny the allegations as stated.

63.  In response to paragraph 63, Defendants admits the allegations as stated.

64.  In response to paragraph 64, Defendants deny the allegations as stated.

65.  In response to paragraph 65, Defendants deny the allegations as stated.

66.  In response to paragraph 66, Defendants deny the allegations as stated.

67.  In response to paragraph 67, Defendants admit the allegations as stated.

68.  In response to paragraph 68, Defendants deny the allegations as stated.

69.  In response to paragraph 69, Defendants admit the allegations as stated, except that Defendants deny that the report "identified 2 new complainants for the first time."

70.  In response to paragraph 70, Defendants deny the allegations as stated.

71.  In response to paragraph 71, Defendants deny the allegations as stated.

72.   In response to paragraph 72, Defendants admit that Defendant DeLovato investigated the many complaints against plaintiff.  Defendants deny any remaining allegations contained in paragraph 72.

73. In response to paragraph 73, Defendants admit that the draft report contained the statement cited in paragraph 73 regarding the appropriate burden of proof. Defendants deny any remaining allegations contained in paragraph 73.

74. In response to paragraph 74, Defendants deny the allegations as stated.

75. In response to paragraph 75, Defendants deny the allegations as stated.

76. In response to paragraph 76, Defendants deny the allegations as stated.

77. In response to paragraph 77, Defendants admit that plaintiff improperly reached out to numerous witnesses identified in the investigative report and demanded to interview them, or demanded they provide him certain information. Defendants deny the remaining allegations contained in paragraph 77.

78. In response to paragraph 78, Defendants admit that Defendant Conner sent plaintiff an email reiterating the terms of his administrative leave. Defendants deny any remaining allegations contained in paragraph 78.

79. In response to paragraph 79, Defendants deny the allegations as stated.

80. In response to paragraph 80, Defendants deny the allegations as stated.

81. In response to paragraph 81, Defendants deny the allegations as stated.

82. In response to paragraph 82, Defendants deny the allegations as stated.

83. In response to paragraph 83, Defendants admit the allegations as stated.

84. In response to paragraph 84, Defendants admit the allegations as stated.

85. In response to paragraph 85, Defendants deny the allegations as stated.

86. In response to paragraph 86, Defendants deny the allegations as stated.

87. In response to paragraph 87, Defendants deny the allegations as stated.

88. In response to paragraph 88, Defendants deny the allegations as stated.

89.  In response to paragraph 89, Defendants admit the allegations as stated.

90.  In response to paragraph 90, Defendants admit the allegations as stated.

91.  In response to paragraph 91, Defendants admit the allegations as stated.

92.  In response to paragraph 92, Defendants deny the allegations as stated.

93.  In response to paragraph 93, Defendants deny the allegations as stated.

94.  In response to paragraph 94, Defendants deny the allegations as stated.

95.  In response to paragraph 95, Defendants deny the allegations as stated.

96.  In response to paragraph 96, Defendants deny the allegations as stated.

97.   In response to paragraph 97, Defendants admit that hearings were held on the numerous complaints against plaintiff.   Defendants deny any remaining allegations contained in paragraph 97.

98.  In response to paragraph 98, Defendants admit the allegations as stated.

99.  In response to paragraph 99, Defendants deny the allegations as stated.

100.  In response to paragraph 100, Defendants deny the allegations as stated.

101.  In response to paragraph 101, Defendants deny the allegations as stated.

102.  In response to paragraph 102, Defendants deny the allegations as stated.

103.  In response to paragraph 103, Defendants deny the allegations as stated.

104.  In response to paragraph 104, Defendants deny the allegations as stated.

105.  In response to paragraph 105, Defendants deny the allegations as stated.

106.  In response to paragraph 106, Defendants deny the allegations as stated.

107.  In response to paragraph 104, Defendants admit the allegations as stated.

108.  In response to paragraph 108, Defendants admit the allegations as stated.

109.  In response to paragraph 109, Defendants deny the allegations as stated.

110.  In response to paragraph 110, Defendants deny the allegations as stated.

111.  In response to paragraph 111, Defendants deny the allegations as stated.

112.  In response to paragraph 112, Defendants admit the allegations as stated.

## FIRST CAUSE OF ACTION
**Deprivation of Due Process Under the Fifth and Fourteenth Amendments (42
U.S.C. § 1983) Against Defendants Board of Regents, Arvizu, Castille, and
DeLovato)**

113.  Defendants incorporate and restate each of the foregoing paragraphs as though fully set forth herein.

114.  In response to paragraph 114, paragraph 114 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

115.  In response to paragraph 115, paragraph 115 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

116**.**  In response to paragraph 116, paragraph 116 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

117.  In response to paragraph 117, Defendants deny the allegations as stated.

118.  In response to paragraph 118, Defendants deny the allegations as stated.

119.  In response to paragraph 119, Defendants deny the allegations as stated.

120.  In response to paragraph 120, Defendants deny the allegations as stated.

121.  In response to paragraph 121, paragraph 121 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

122.  In response to paragraph 122, paragraph 122 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

123.  In response to paragraph 123, paragraph 123 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

## SECOND CAUSE OF ACTION
### Violation of the First Amendment (42 U.S.C. § 1983): Facial Overbreadth of ARP 3.25 Against Defendants Board of Regents and Arvizu

124.  Defendants incorporate and restate each of the foregoing paragraphs as though fully set forth herein.

125.  In response to paragraph 125, Defendants admit that allegations contained in paragraph 125.

126.  In response to paragraph 126, Defendants admit the allegations contained in paragraph 126.

127.  In response to paragraph 127, Defendants deny the allegations as stated.

128.  In response to paragraph 128, Defendants admit the allegations as stated.

129.  In response to paragraph 129, paragraph 129 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

130.  In response to paragraph 130, paragraph 130 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

131.  In response to paragraph 131, paragraph 131 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

132.  In response to paragraph 132, Defendants deny the allegations as stated.

133.  In response to paragraph 133, paragraph 133 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

134.  In response to paragraph 134, paragraph 134 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

### THIRD CAUSE OF ACTION
**Violation of the First Amendment (42 U.S.C. § 1983): Facial Overbreadth and Vagueness of ARP 3.80 Against Defendants Board of Regents and Arvizu**

136.  Defendants incorporate and restate each of the foregoing paragraphs as though fully set forth herein.

137.  In response to paragraph 137, Defendants admit that allegations contained in paragraph 137.

138.  In response to paragraph 138 Defendants admit the allegations contained in paragraph 138.

139.  In response to paragraph 139, paragraph 139 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

140.  In response to paragraph 140, paragraph 140 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

141.  In response to paragraph 141, paragraph 141 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

142.  In response to paragraph 142, Defendants deny the allegations as stated.

143.  In response to paragraph 143, Defendants deny the allegations as stated.

144.  In response to paragraph 144, paragraph 144 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

145.  In response to paragraph 145, paragraph 145 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

## FOURTH CAUSE OF ACTION
### As-Applied Violation of Plaintiff's First Amendment Rights (42 U.S.C. § 1983): Against All Defendants

146.  Defendants incorporate and restate each of the foregoing paragraphs as though fully set forth herein.

147.  In response to paragraph 147, Defendants deny the allegations as stated.

148.  In response to paragraph 148, Defendants deny the allegations as stated.

149.  In response to paragraph 149, paragraph 149 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

150.  In response to paragraph 150, paragraph 150 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

### FIFTH CAUSE OF ACTION
**Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*. Against Defendant Board of Regents**

151.  Defendants incorporate and restate each of the foregoing paragraphs as though fully set forth herein.

152.  In response to paragraph 152, paragraph 152 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants admit that plaintiff has correctly cited the statute.

153.    In response to paragraph 153, Defendants admit that allegations contained in paragraph 153.

154.  In response to paragraph 154, paragraph 154 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

155.  In response to paragraph 155, paragraph 155 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

156.  In response to paragraph 156, Defendants deny the allegations as stated.

157.  In response to paragraph 157, paragraph 157 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

158.  In response to paragraph 158, Defendants deny the allegations as stated.

159.  In response to paragraph 159, paragraph 159 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

160.  In response to paragraph 160, Defendants deny the allegations as stated.

161.  In response to paragraph 161, Defendants deny the allegations as stated.

**<u>SIXTH CAUSE OF ACTION</u>**
**Violation of the New Mexico Civil Rights Act (NMSA 1978 § 41-4A-1 *et seq*.) for Violations of Article II, § 18 of the New Mexico Constitution Against Defendant Board of Regents**

162.  Defendants incorporate and restate each of the foregoing paragraphs as though fully set forth herein.

163.  In response to paragraph 163, paragraph 163 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants admit that plaintiff has correctly cited the constitutional provision.

164.   In response to paragraph 164, paragraph 164 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

165.  In response to paragraph 165, paragraph 165 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

166.  In response to paragraph 166, paragraph 166 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

167.  In response to paragraph 167, Defendants deny the allegations as stated.

168.  In response to paragraph 168, Defendants deny the allegations as stated.

169.  In response to paragraph 169, Defendants deny the allegations as stated.

170.  In response to paragraph 170, paragraph 170 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

171.  In response to paragraph 171, Defendants deny the allegations as stated.

172.  In response to paragraph 172, paragraph 172 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

173.  In response to paragraph 173, Defendants deny the allegations as stated.

174.  In response to paragraph 174, Defendants deny the allegations as stated.

175.  In response to paragraph 175, paragraph 175 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

## SEVENTH CAUSE OF ACTION
### Violation of the New Mexico Civil Rights Act (NMSA 1978 § 41-4A-1 *et seq.*) for Violations of Article II, § 17 of the New Mexico Constitution Against Defendant Board of Regents

176..  Defendants incorporate and restate each of the foregoing paragraphs as though fully set forth herein.

177.  In response to paragraph 177, paragraph 177 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants admit that plaintiff has correctly cited the constitutional provision.

178.  In response to paragraph 178, paragraph 178 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

179.  In response to paragraph 179, paragraph 179 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

180.  In response to paragraph 180. Defendants admit the allegations as stated.

181.  In response to paragraph 181. Defendants admit the allegations as stated.

182.  In response to paragraph 182, Defendants deny the allegations as stated.

183.  In response to paragraph 183. Defendants admit the allegations as stated.

184.  In response to paragraph 184, paragraph 184 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

185.  In response to paragraph 185, Defendants deny the allegations as stated.

186.  In response to paragraph 186, Defendants deny the allegations as stated.

187.  In response to paragraph 187, paragraph 187 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

188.  In response to paragraph 188, paragraph 188 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

189.  In response to paragraph 189, Defendants deny the allegations as stated.

190.  In response to paragraph 190, Defendants deny the allegations as stated.

191. In response to paragraph 191, Defendants deny the allegations as stated.

192.  In response to paragraph 192, paragraph 192 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

193.  In response to paragraph 193, paragraph 193 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

194.  In response to paragraph 194, paragraph 194 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

195.  In response to paragraph 195, paragraph 195 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

196.   In response to paragraph 196, paragraph 196 contains legal conclusions which require no response from Defendants.  To the extent a response is required, Defendants deny the allegations as stated.

## RESPONSE TO "PRAYER FOR RELIEF"

In response to plaintiff's "Prayer for Relief" and its subparts, Defendants deny that plaintiff is entitled to any of the relief requested.

## RESPONSE TO "JURY DEMAND"

This paragraph contains a jury demand to which no response is required.

## GENERAL DENIAL

All allegations contained in plaintiff's Complaint not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. Plaintiff's claims for monetary relief are barred to the extent that plaintiff has failed to mitigate his asserted damages.

3. All actions taken by Defendants regarding plaintiff's employment were reasonable, non-retaliatory and based on business judgment and/or business necessity.

4. One or more of plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

5. One or more of plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

6. Any action(s) taken by this Defendant against plaintiff during the course of or in relation to his employment were taken for a legitimate business purpose unrelated to conduct prohibited by law, and retaliatory action was not a motivating factor in any action(s) taken by this Defendant

7. At no time did Defendants violate any of the rights, privileges or immunities of plaintiff secured pursuant to the bill of rights of the Constitution of New Mexico.

8. Plaintiff's claims based on purported retaliatory action(s) or violations of rights which occurred prior to July 1, 2021 are barred pursuant to the New Mexico Civil Rights Act, NMSA 1978 § 41-4A-12.

9. Plaintiff may not maintain any claim under the New Mexico Civil Rights Act arising from his employment relationship with Defendants. See NMSA 1978 § 41-4A-3(D).

10. Defendant's act(s) and/or omission(s), if any, did not proximately cause plaintiff's alleged injuries and/or damages.

11. One or more of plaintiff's claims are barred in whole or in part by the New Mexico Tort Claims Act.

12. One or more of plaintiff's claims are barred in whole or in part by the New Mexico Civil Rights Act.

13. To the degree plaintiff is asserting injuries or damages, those injuries or damages were wholly, or in part, the result of plaintiff's own acts or omissions and/or other intervening causes.

14. The individually named Defendants are entitled to qualified immunity.

Defendants reserve the right, pursuant to Fed. R. Civ. P. 15 and 16, to raise any additional affirmative defenses as discovery may reveal in the course of this case.

WHEREFORE, having thus answered plaintiff's Complaint, Defendants request that the Complaint be dismissed with prejudice, for its costs and fees incurred herein, and for such other relief as appears just and appropriate.

Respectfully submitted,

JARMIE & ROGERS, P.C.

/s/ *Cody R. Rogers.*
Cody R. Rogers
Roberto A. Cabello
2540 El Paseo, Suite D
Las Cruces, NM 88001
(575) 288-1453
crogers@jarmielaw.com
rcabello@jarmielaw.com
*Attorneys for Defendants*

I hereby certify that I served a true and correct copy of the foregoing via this Court's CM/ECF filing and service system on this 17th day of August, 2022, upon all counsel of record.

*/s/ Cody R. Rogers*
Cody R. Rogers
Jarmie & Rogers, P.C.